IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 09-00362-02-CR-W-NKL |
| STEVEN EDWARD ALLEN, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**
**TO ACCEPT DEFENDANT'S GUILTY PLEA**

On September 9, 2010, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that defendant's plea was voluntary and therefore recommend that it be accepted.

*I. BACKGROUND*

On December 1, 2009, an indictment was returned charging defendant with one count of conspiracy to do distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A); and four counts of distributing cocaine, in violation of 18 U.S.C. § 841(a). Judge Laughrey referred this case to me for conducting a change-of-plea hearing and issuing a report and recommendation on whether to accept the plea. The hearing was held on September 9, 2010. Defendant was present, represented by Ron Hall. The government was represented by Assistant United States Attorney Charles Ambrose. The

proceedings were recorded and a transcript of the hearing was filed on September 11, 2010.

## *II. AUTHORITY OF THE COURT*

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. United States v. Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991), Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he

2

waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of de novo review by a district judge preserves the structural guarantees of Article III. United States v. Torres, 258 F.3d at 795. Applying the Peretz holding and the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing United States v. Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting United States v. Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the

magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the district court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

*III. FINDINGS OF FACT*

1. On December 1, 2009, an indictment was returned charging defendant with one count of conspiracy to do distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A); and four counts of distributing cocaine, in violation of 18 U.S.C. § 841(a). However according to the plea agreement, defendant intends to plead guilty to a lesser-included offense, i.e., conspiracy to distribute some amount of cocaine as opposed to the 5 kilograms or more as originally charged in count one of the indictment (Tr. at 3-5).

2. The statutory penalty for count one according to the plea agreement is not more than 20 years in prison, at least three years of supervised release, a fine of not more than $1 million, and a$100 mandatory special assessment (Tr. at 5-6).

3. Defendant was advised of the following:

    a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 6);

b. That he has the right to assistance of counsel throughout the trial (Tr. at 6-7);

c. That defendant is presumed innocent, and the government has the burden of coming forward to prove defendant's guilt beyond a reasonable doubt (Tr. at 7);

d. That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 7);

e. That defendant would have an opportunity to subpoena witnesses to testify on his behalf (Tr. at 8);

f. That defendant would have an opportunity to testify on his own behalf, but that he would not be required to and the jury would be instructed that they could not draw an adverse inference if he chose not to testify (Tr. at 7-8); and

g. That defendant would have an opportunity to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 8-9).

4. Defendant was informed and understood that by pleading guilty, he is giving up all of the rights described above (Tr. at 9).

5. Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 9). Defendant was further informed

5

that he must answer questions truthfully while under oath (Tr. at 9). Defendant stated that he understood (Tr. at 9).

6. Defense counsel had full access to the government's file and agreed that his review of the evidence and his independent investigation confirmed that the facts were as alleged by the government and that it is in the defendant's best interest to plead guilty (Tr. at 10).

7. Government counsel stated that its evidence would show that:

> [W]e had an undercover police detective from the Kansas City, Missouri Police Department by the name of Arthur Willingham. He was introduced to Mr. Allen by the confidential informant and then conducted four controlled buys of cocaine, those referred to in Counts Two, Three, Four and Six. He would contact Mr. Allen by calling him on his cell phone, arrange to meet somewhere in the metro area. The four buys occurred on June the 15th, 2009. On that occasion, . . . Detective Willingham gave Mr. Allen $550 and received a quantity of cocaine. The laboratory results on that indicated 13.81 grams of a mixture containing cocaine. The second incident was on July 24th. That occurred at the Gladstone Bowl in Clay County, Missouri. Detective Willingham gave Mr. Allen $2,100 in prerecorded funds and received approximately 2 ounces, which tested out to be 54.17 grams of a mixture containing cocaine. The third incident was on . . . August the 4th. This occurred at Minsky's Pizza on Northwest Barry Road. And there were negotiations on that date leading to a buy on the next day, August 5th. The actual transaction occurred at Dirk's Bar & Grill on Prairie View Road in Platte County. At that point in time, Detective Willingham gave Mr. Allen $1,150 and received an ounce, which measured out to be 22.83 grams, confirmed by the laboratory, to be cocaine. And then finally, on August 19th, Detective Willingham met with Mr. Allen at an establishment called Buck's on North Oak Traffickway, gave Mr. Allen $2,200 for 2 ounces of cocaine. Laboratory results were 55.37 grams of a mixture containing cocaine. On each of those occasions officers on surveillance backing up Detective Willingham saw Mr. Allen in the company

6

of James Strobbe, who was identified to be Mr. Allen's source of the cocaine.

(Tr. at 10-11).

8. Defendant was placed under oath (Tr. at 12) and admitted the following: Sometime between January 1, 2004, and September 1, 2009, in the Western District of Missouri, he and Mr. Strobbe had an agreement to distribute cocaine to third parties; he knew it was a violation of the law; and he did nit willfully. Sometime around June 16, 2009, in Jackson County, he and Mr. Strobbe distributed some amount of cocaine. Sometime around July 24, 2009, in Jackson County, he and Mr. Strobbe distributed some amount of cocaine. Sometime around August 5, 2009, in Jackson County, he and Mr. Strobbe distributed some amount of cocaine. Sometime around August 19, 2009, in Jackson County, he and Mr. Strobbe distributed some amount of cocaine. (Tr. at 12-14).

9. Defendant is familiar with the plea agreement, discussed it with his attorney, and understands it (Tr. at 14-15). In addition, I went over the plea agreement with the defendant (Tr. at 15-19).

10. No one made any threats or promises to get defendant to plead guilty (Tr. at 19). His guilty plea is a free and voluntary act (Tr. at 19).

11. Defendant is satisfied with the advice and guidance he has received from Mr. Hall (Tr. at 19-20). There is nothing he

wanted Mr. Hall to do that Mr. Hall did not do, and there is nothing Mr. Hall has done that defendant did not want Mr. Hall to do (Tr. at 20).

12.  Defendant is 39 years of age and has a high school education and two years of college (Tr. at 20).  Defendant has no mental health or substance abuse issues (Tr. at 20-21).

13.  Defendant tendered a plea of guilty to conspiracy to distribute some amount of cocaine, as set forth in the plea agreement -- a lesser-included offense to the conspiracy charged in count one of the indictment (Tr. at 21).

## IV.  *ELEMENTS OF THE CHARGED OFFENSES*

The elements necessary to sustain a conviction for conspiracy to distribute cocaine are:

1.  Two or more persons reached an agreement or came to an understanding to distribute cocaine.

2.  The defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

3.  At the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

Eighth Circuit Model Criminal Jury Instruction 6.21.846A

## V.  *CONCLUSION*

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a Magistrate Judge for issuance of a report and recommendation on whether defendant's guilty plea should be accepted.

2. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of conspiracy to distribute cocaine as set forth in the plea agreement, a lesser-included offense to the conspiracy charged in count one of the indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting defendant's guilty plea and adjudging defendant guilty of that offense.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has ten days from the date of this report and recommendation to file and serve specific objections.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
September 15, 2010